IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**WILLIAM GREGORY COOK #165816**,           :

    Petitioner                                                                  :

v                                                                                          :           Civil Action No. PJM-04-1944

**MITCHELL FRANKS, WARDEN, et al**.,           :

    Respondents                                                            :

. . . . . . . . .o0o. . . . . . . . .

### MEMORANDUM

The above-captioned case was filed by Division of Correction prisoner William Gregory Cook on June 5, 2004,[1] on forms used in filing a habeas corpus Petition pursuant to 28 U.S.C. § 2254. Because it is more properly construed as a Petition for Habeas Corpus relief filed pursuant to 28 U.S.C. § 2241, the Clerk was directed to amend the docket to reflect the appropriate nature of this lawsuit. The case now is before the Court for review of the underlying Petition, Supplemental Petition, Memoranda in support thereof, and Respondent's Answer. (Paper Nos. 1, 6, 7, 13, 22 and 14). The issues raised in the Petition can be resolved without the need for a hearing. *See* Local Rule 105.6.

Petitioner Cook raises five allegations[2] challenging the decision of the Maryland Parole Commission to revoke his mandatory supervision release[3] and seeks alternative forms of relief, including:

---

    [1]    For the purpose of assessing the timeliness of the Petition under 28 U.S.C. § 2244(d)(1)-(2), the Court deems it as having been delivered to prison authorities on the date it was signed. *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. § 2255).

    [2]    Petitioner raised seven allegations in his original and amended Petition, but later withdrew Grounds 1 and 5 from consideration. *See* Paper No. 18.

    [3]    Under Maryland law, mandatory supervision or release is a "conditional release from confinement that is granted to an inmate under Md. Code Ann., Corr. Serv. § 7-501." A prisoner is released on mandatory

his immediate release; the granting of a new revocation hearing; or an order requiring restoration of his original maximum expiration date. The allegations include Petitioner's claims that:

- He was denied due process during the revocation hearing because the commissioner did not specify the ending date of the credit he was awarding for time spent on parole;

- He was denied a reasonable opportunity to explain that his failure to report to his agent was not willful, but rather was due to his arrest on new criminal charges;

- He was denied due process because the revocation decision was arbitrary and capricious;

- The commissioner failed to provide him with the reasons for revocation; and

- He was denied his First Amendment right to free speech because the commissioner interrupted him during the revocation hearing.

(Paper Nos. 1 and 6).

Ordinarily, sentence and diminution credit calculation issues, including those relating to parole violation decisions, are issues of state law and do not give rise to a federal question. *McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970). Violation of state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice". *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United*

---

supervision after he has served his sentence, minus all diminution of confinement credits earned . *See* Md. Code Ann., Corr. Serv. § 7-101(g). The "credits" or days earned are subtracted from the maximum expiration date of a term of confinement, and the prisoner is released early and must remain on parole supervision until the maximum expiration date of the sentence. Mandatory release differs from parole as there is no eligibility hearing required before mandatory release occurs. A commissioner hearing a revocation matter may, "in [his] discretion, grant[] credit for time between release on parole and revocation of parole. *Id*., § 7-401(d)(1). This authority extends to those whose mandatory supervision is revoked. *Id*., § 7-502(b)(1).

*States*, 368 U. S. 424, 428 (1962)).  Based on Petitioner's contention that his due process rights were violated to the point where his hearing was fundamentally unfair, the Court permitted the instant case to proceed.  After review of all pleadings, however, the Court determines that the Petition must be dismissed with prejudice as time-barred, pursuant to *Wade v. Robinson*, 327 F.3d 328, 332 (4th Cir. 2003).

Pursuant to *Wade*, the one-year limitations period for filing a federal habeas corpus petition set forth in 28 U.S.C. § 2244(d)(1)[4] applies even where a petition challenges a parole decision, since this also attacks custody.  The date on which the parole decision becomes final for the purpose of triggering the limitations period is the date on which the final state court judgment concerning the parole decision was

---

[4]   This section provides:

   (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

      (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      ©   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

rendered. *Id*. at 333.

Petitioner, who was serving three consecutive sentences imposed by the Baltimore City Circuit Court in 1982 and 1983, was paroled on August 4, 1993 with special conditions of substance abuse therapy and job training. Paper No. 14, Attachments 4 and 5. On May 23, 2001, the Parole Commission issued a retake warrant for Petitioner, charging him with having been arrested on a new charge, and also charging him with violating several other conditions of parole. *Id*., Attachments 6 and 7. The new criminal charges were *nolle prossed*. *Id*., Attachment 8. Petitioner admitted to violating the other conditions of parole, waived his right to have his supervising parole agent appear at a revocation hearing, and waived his right to counsel. *Id*., Attachment 10. Although he was found to have violated his conditions of parole, Petitioner was continued on parole with a reprimand following a hearing. *Id*., Attachment 11.

On March 22, 2002, the Parole Commission issued another retake warrant for Petition, charging him with violating four conditions of parole. *Id*., Attachments 12 and 13. On May 6, 2002, Petitioner waived his preliminary hearing and admitted that he had violated the terms and conditions of release, but indicated that he wished to be heard with respect to disposition. *Id.,* Attachment 16. A revocation was held on June 21, 2002. Petitioner appeared with counsel. The commissioner hearing the matter revoked Petitioner's release and awarded him credit for "street time."[5] *Id*., Attachments 17 and 18.

On August 29, 2002, the Anne Arundel County Circuit Court accepted Petitioner's request to appeal the June 21, 2002 parole revocation decision. *Id*., Attachments 20 and 21. Following a hearing,

---

[5]  Pursuant to Correctional Services Article, § 7-410(d)(1), Petitioner was awarded street time from August 4, 1993 (the date of his release) through May 2, 2000 (the first date he failed to report to his agent). *Id*., Attachment 18.

on April 21, 2003 the Circuit Court affirmed the Commission's revocation decision.[6]  *Id*., Attachment 28. Petitioner did not file an application for leave to appeal in the Court of Special Appeals, nor did he seek certiorari in the Court of Appeals.  *Id*., Attachment 19.  Instead, he filed a *pro se* petition for writ of habeas corpus in the Baltimore City Circuit Court, challenging the parole revocation decision, alleging that decision was arbitrary and capricious and the commissioner denied Petitioner due process and abused his discretion in revoking parole based solely on technical parole violations.  *Id*., Attachments 29 and 30.  Two amended petitions raising additional grounds were subsequently filed.  *Id*., Attachments 32 and 35, Exhibit 1.  Following two hearings, the Circuit Court on August 25, 2003 denied the petition.  *Id*., Attachment 30. Petitioner appealed the denial of relief, and on February 26, 2004, the Court of Special Appeals dismissed the appeal as impermissible.[7]  *Id*., Attachment 40.  Further appeal was not sought in the Court of Appeals.

Under Maryland law, a prisoner whose parole has been revoked by the Parole Commission may appeal the revocation decision to the Circuit Court for review on the record.  *See* Md. Code Ann. Corr. Serv. § 7-410(e) (1999).  There is no mechanism for seeking direct appeal from the Circuit Court to the Maryland Court of Special Appeals.  *See* State Gov't § 10-203(a)(3)(v).  An aggrieved prisoner can, however, seek leave to appeal the Circuit Court's decision.  Thus, Petitioner had until May 21, 2003 – thirty days after the Anne Arundel Circuit Court denied relief – in which to seek leave to appeal.  He did not do so, and his one-year limitations period began to run on May 22, 2003.

---

[6]  Petitioner contended that he did not receive effective assistance of counsel at the revocation hearing and that he did not knowingly and voluntarily admit to the rule violations.

[7]  The mandate issued on March 29, 2004.  *Id*., Attachment 41.

Petitioner's limitations period was not tolled by the filing of a habeas corpus petition in Baltimore City Circuit Court, because under Maryland law a prisoner cannot use the writ of habeas corpus to challenge a parole revocation decision unless he is contending that the Parole Commission was without legal authority to act. *See Frost v. State*, 336 Md. 125, 647 A.2d 106, 111, n. 6 (1994); *see also Jenkins v. Fitzberger*, 440 F.2d 1188 (4th Cir. 1971). His time for filing expired on May 21, 2004, two weeks before he signed the Petition filed herein. The Petition is time-barred, and the five claims raised therein will not be addressed on the merits by this Court.

Accordingly, based upon the foregoing reasons, the Petition for writ of habeas corpus shall be denied by separate order.

  4/18/05   
Date

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT COURT